UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:                                    )
Johnny Darrell Lorick,                    )        CASE #: 19-00252-JJG-13
    Debtor.                            )

### DEBTOR'S APPLICATION TO EMPLOY BROKER

**COMES NOW** the Debtor, by undersigned counsel, and applies to the Court for an
Order to Employ Broker for the sole purpose of selling real estate commonly referred to
as 6445 Harrison Ridge Boulevard, Indianapolis, IN 46236. In support whereof, Debtor
shows the Court as follows:

    1.    The Debtor needs a broker to sell an asset of the bankruptcy estate;
specifically, real estate commonly referred to as 6445 Harrison Ridge Boulevard,
Indianapolis, IN 46236.

    2.    The Debtor wishes to employ James Gilday -- Keller Williams --
Indianapolis/Carmel, 11550 N Meridian Street, Suite 450, Carmel, IN 46032.  The
contact phone number is: (317) 797-5062 and the email address is
jim@thegildaygroup.com.

    3.    Your applicant, the Debtor herein, has selected said broker because
realtor has considerable experience in these matters and is qualified to act as Broker for
Debtor and has no conflict with the estate, pursuant to an affidavit of James Gilday –
Keller Williams – Indianapolis/Carmel, a copy of which is attached hereto as Exhibit "B".

    4.    The terms and conditions detailing the compensation of James Gilday –
Keller Williams – Indianapolis/Carmel are set forth in the Listing Contract (Exclusive
Right to Sell), a copy of which is attached hereto as Exhibit "A". James Gilday – Keller
Williams – Indianapolis/Carmel would receive a commission of 7.0% of the gross selling
price of the real estate, of which 2.5% may be paid to any other cooperating broker who

procures a buyer for said real estate, pursuant to a Broker's Cooperative Compensation

Policy, previously disclosed to Debtor

      5.     The employment of James Gilday – Keller Williams – Indianapolis/Carmel

would be in the best interest of this estate.

**NOTICE: Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the court to enter an order employing the broker, or if you want the court to consider your views on the application, then on or before **November 16, 2020,** (14 days from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

| Clerk, U.S. Bankruptcy Court |
| :---: |
| 116 U.S. Courthouse |
| 46 E. Ohio Street |
| Indianapolis, IN 46204 |

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the deadline stated above.

You must also send a copy to:

| Attorney for Debtor |
| :---: |
| Mike Norris & Associates, P.C. |
| 3802 W. 96th Street, #110 |
| Indianapolis, IN 46268 |
| |
| Chapter 13 Trustee |
| Ann M. DeLaney |
| PO Box 441285 |
| Indianapolis, IN 46204 |

**WHEREFORE**, the Debtor, by counsel, moves the Court to approve the application as proposed herein.

Date: 11/2/2020

Respectfully Submitted,

*[signature]*

Michael J. Norris (#15341-49)
Mike Norris & Associates, P.C.
Attorney for the Debtor
3802 W. 96th Street, #110
Indianapolis, IN 46268
Phone: (317) 266-8888
Fax: (317) 266-3401
E-mail: mike@mikenorrislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **11/2/2020**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system:

Ann M. DeLaney    ECFdelaney@trustee13.com, ecfdelaney@gmail.com
Steven C. Earnhart    earnhart@indiana-attorneys.com, meloche@indiana-attorneys.com
Steven Henry Patterson    inbk@rslegal.com, rsbkecfbackup@gmail.com;r eisenfeld@ecf.inforuptcy.com
Martha Rose Spaner    inbk@rslegal.com, rsbkecfbackup@gmail.com; reisenfeld@ecf.inforuptcy.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on **11/2/2020**, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

**Debtor,** Johnny Lorick, 6445 Harrison Ridge Boulevard, Indianapolis, IN 46236;

**Realtor,** James Gilday -- Keller Williams -- Indianapolis/Carmel, 11550 N Meridian Street, Suite 450, Carmel, IN 46032.

## CREDITORS THAT FILED A PROOF OF CLAIM:

**See Mailing Matrix, attached hereto as Exhibit "C."**

I further certify that **11/2/2020**, a copy of the foregoing was mailed by CERTIFIED U.S. Mail, postage prepaid, and properly addressed to the following:

## SENT VIA CERTIFIED MAIL TO PRESIDENT / HIGHEST OFFICER:

N/A

Date: 11/2/2020

*[signature]*

Michael J. Norris (#15341-49)
Mike Norris & Associates, P.C.

dotloop signature verification: dtlp.us/Xv6o-VfHj-U0ok



EXHIBIT A

## AMENDMENT # ONE ___ TO LISTING CONTRACT

### For use only by members of the Indiana Association of REALTORS®

1  Date: 10/28/2020

2  This Amendment is attached to and made part of Listing Contract dated 09/03/2020 ,

3  _____, between James Gilday _____ Keller Williams - Indianapolis/Carmel , (Broker/Company),

4  and Johnny Lorick _____ , (Seller),

5  on property known as 6445 Harrison Ridge Boulevard _____

6  Indianapolis _____, Indiana, Zip 46236 _____, which is legally described as:

7  HARRISONRIDGE SEC 1 L 19 _____

8  _____ (the "Property").

9  The Listing Contract is amended as follows: **(check appropriate paragraph letter)**

10  ☐ **A.**  Listing Price is changed from $ _____ U.S. Dollars to $ _____ U.S. Dollars.

11  ☐ **B.**  Listing Contract is extended from 11:59 PM of _____ day of _____ ,

12  _____, to 11:59 PM of the _____ day of _____ .

13  ☑ **C.**  Effective date of Listing Contract is changed to 10/30/2020 _____

14  and expiration date is changed to 10/30/2021 _____ .

15  ☐ **D.**  Additional financing methods offered: _____

16  _____

17  ☐ **E.**  Other changes in the Listing Contract: _____

18  _____

19  _____

20  _____

21  _____

22  _____

23  **All other terms and conditions of the Listing Contract remain unchanged.**

24  By signature below, the parties acknowledge receipt of a signed copy of this Amendment.

25  James Gilday _____ RB14048800 ____ *Johnny Lorick* _____ dotloop verified
                                                                                 10/29/20 1:32 PM EDT
                                                                                 7HUG-TJWR-YVF9-GATR

26  AGENT                         IN LICENSE #     SELLER'S SIGNATURE                  DATE

27

28                                                Johnny Lorick _____

                                                  PRINTED

29  Keller Williams - Indianapolis/Carmel    10300179 ___

30  BROKER OR COMPANY NAME        IN LICENSE #     SELLER'S SIGNATURE                  DATE

31

32                                                PRINTED

33  _____

34  ACCEPTED BY: MANAGING BROKER        DATE     MLS #




Prepared and provided as a member service by the Indiana Association of REALTORS®, Inc. (IAR). This form is restricted to use by members of IAR. This is a legally binding contract, if not understood seek legal advice.
**Form #13A.** Copyright IAR 2020





dotloop signature verification: dtlp.us/5rhP-HtEc-bZP



## Listing Contract
## (EXCLUSIVE RIGHT TO SELL)
### For use only by members of the Indiana Association of REALTORS®

1 In consideration of services to be performed by <u>Keller Williams - Indianapolis/Carmel</u>
2 (Broker/Company, hereinafter referred to as "Broker") for <u>Johnny Lorick</u>
3 ("Seller")
4 Seller appoints Broker as Seller's broker with irrevocable and exclusive right to sell, exchange, option, or lease the real property known
5 as <u>6445 Harrison Ridge Boulevard</u> in <u>Lawrence</u> Township,
6 <u>Marion County</u> County, <u>Indianapolis</u>, Indiana <u>46236</u>
7 (zip code) legally described as: <u>HARRISONRIDGE SEC 1 L 19</u>
8
9 (the "Property")
10 This contract begins on <u>09/03/2020</u>, and expires at 11:59 PM <u>09/02/2021</u>
11 subject to the following terms and conditions:
12
13 List Price: ($ <u>449,900</u> ) <u>four hundred forty-nine thousand nine hundred</u> U.S. Dollars. Possession: <u>Closing</u>
14 Seller represents that Seller ☐ is ☑ is not delinquent on any loans which could constitute a lien on the Property; Seller
15 represents that the total loans affecting the Property ☐ do ☑ do not exceed the list price and costs of sale. Seller is not a party
16 to any bankruptcy proceeding. Also, Seller has the capacity to convey the Property by a general Warranty Deed or by
17 _____. Did the Seller acquire ownership of the property at a tax sale, Sheriff's sale, any judicial sale, or mortgage
18 foreclosure proceeding? ☐Yes ☑No.
19
20 Seller ☐ is ☑ is not a "foreign person" (individual or entity). Seller ☐is ☑ is not subject to the Foreign Investment in Real
21 Property Tax Act. See http://www.irs.gov/publications/p515/index.html.
22
23 Terms of Sale: The Property may be sold for cash in U.S. Dollars or any of the following methods indicated below:
24 ☑ Conventional Mortgage                    ☑ Conditional Sales Contract
25 ☑ Insured Conventional Mortgage           ☑ FHA
26 ☐ Assumption of Existing Mortgage Balance ☑ VA
27 ☐ Other _____
28 Seller agrees to pay costs associated with financing not to exceed _____ U.S. Dollars.
29 Property Offered for Sale: The above list price includes the Property and all improvements and fixtures permanently installed and affixed
30 thereto, except <u>mug hooks in kitchen, all shelves, all pictures and decorative items, and all curtain rods</u> Items of Personal Property
31 included in the sale: _____
32
33
34 Seller shall remove all debris and personal property not included in the sale. Any existing improvements and fixtures
35 permanently installed and affixed which Seller does not want included in the sale shall be removed by Seller prior to the
36 effective date of this listing and replaced with an appropriate substitute, of applicable.
37

38 **A.** **EXCLUSIVE LISTING.** The parties understand and agree that this is an exclusive right to sell, option, exchange or lease listing, and
39 Broker shall be entitled to the commission hereinafter established which shall be payable in U.S. Dollars upon the occurrence of
40 any of the following events:
41
42    1.  at the time the Property is sold, optioned, exchanged or leased by any person, including the Seller, to any person during
43        the term of this contract or any renewal or extension thereof,
44    2.  at the time Seller, Broker, or any other real estate licensee secures a buyer or lessee ready, willing and able to purchase,
45        option, exchange or lease the Property for such price and terms as specified, or such other price or terms as Seller may
46        accept,
47    3.  at the time an agreement is entered into sell, exchange, option or lease during the term of this contract or any renewal or
48        extension thereof, and ultimately completed after the termination of this contract,
49    4.  the Property is sold, optioned, leased, or exchanged by Seller or any person within <u>180</u> days after
50        termination of this Listing Contract to any person procured in whole or in part by the efforts of Broker, any cooperating
51        broker, or Seller, provided, however, this extension clause shall not apply if this Exclusive Listing Contract terminates and
52        the Property is listed exclusively with another licensed broker, or
53    5.  at the time of default by Seller to any valid, fully executed, written agreement to sell, option, exchange, or lease the Property.
54

55 Any commission required to be paid under items 1., 3. and 4. above shall be due and payable at the closing of the transaction when title
56 to or any interest in the Property is transferred to a buyer or lessee. Any commission required to be paid under items 2. and 5. above
57 shall be due and payable upon demand by Broker. In the event that commission is not paid when due, then Broker shall be entitled to
58 interest rate of <u>12</u> % per annum until commission is paid.
59

60 If the Seller and a Buyer sign a Purchase Agreement, Option to Purchase Real Estate, Lease or the closing of the sale of the Property will not
61 take place until after the term of this contract, then this contract shall automatically be extended to coincide with the closing date or term of the lease.
62

63 **B.** **BROKER'S COMMISSION.** The broker's commission charged by the listing Broker for services rendered, with respect to any listing is solely a
64 matter of negotiation between Broker and Seller and is not fixed, controlled, suggested recommended or maintained by the Indiana

6445 Harrison Ridge Boulevard, Indianapolis, IN 46236
(Property Address)
Page 1 of 5 (Listing Contract)
Copyright IAR 2020

65  Association of REALTORS®, Inc., the local Board/Association of REALTORS®, the listing service (if applicable) or any person not a party to
66  the contract.
67
68  Seller shall pay in cash in U.S. Dollars to Broker for services a total commission as follows:
69
70  1.  7_____% of the selling/exchange price or option selling price, but not less than $ _____.
71  _____ U.S. Dollars.
72  2.  In the event of a purchase option, the Seller agrees to compensate Broker _____% of the consideration paid
73  for an Option to Purchase.
74  3.  In the event of a lease, the Seller agrees to compensate Broker _____% of all amounts
75  to be paid by a lessee to Seller over the term of the lease.
76  4.  Other:_____
77  _____
78  SELLER HAS BEEN ADVISED OF BROKER'S COOPERATIVE COMPENSATION POLICY, including the amount of compensation
79  that will be offered to cooperating brokers which is 2.5_____% of the selling price but not less than $ _____,
80  U.S. Dollars, included in total commission listed above.
81
82  C.  COMMISSION; ATTORNEY FEES. For purposes of this contract, the parties understand and agree that Broker's commission is
83      deemed to be a share of the purchase money received by Seller. If any action is filed in relation to this Listing Contract, the
84      unsuccessful party shall pay to the successful party a reasonable sum for the successful party's attorney's fees and court costs.
85
86  D.  EARNEST MONEY. Broker is authorized to accept earnest money or any part of the purchase price and hold it in an escrow/trust
87      account. In the event that Seller is to receive any portion of the earnest money, Seller authorizes Broker to keep any earnest money deposits
88      up to the amount the commission would have been if the sale was completed in payment for Broker's expenses, services and advertising.
89
90  E.  LISTING SERVICE INFORMATION (IF APPLICABLE). It is understood that the Broker may rely on the validity of the data pertaining to
91      this Listing Contract which has been provided by the Seller, and the Seller agrees that Broker may disclose the data to a listing service,
92      Internet or any advertising media and that the Broker may furnish notice to a listing service or other provider of all changes of
93      information concerning the Property. Seller has been advised of the benefits of marketing a property through a listing service. Excluding
94      a property from a listing service may result in a lower number of offers received and lower sales price.
95
96  F.  INFORMATION REGARDING PROPERTY. Seller acknowledges that the Information on the Seller's Residential Real Estate Sales
97      Disclosure Form (if applicable) and the information provided for the listing is true and correct, and that Seller is the owner of the
98      Property or is the authorized agent(s) of the true owner with complete and full authority to act on behalf of the owner(s). Seller further
99      warrants that no other listing contract is now in force with any other broker. The Seller(s) or authorized agent(s) agree to indemnify,
100     actively defend and hold Broker, Company and its agents harmless from any damages, loss, liability and expenses including attorney
101     fees and costs, arising from incorrect information or failure to supply material information regarding the Property, including, but not
102     limited to the condition of appliances, heating, plumbing, electrical, sewage, major defects in structure, mold and/or other environmental
103     conditions or hazards, location of property lines, public and private restrictions on the use of the Property, any loss or liability in
104     conjunction with this agreement or with Broker or other licensees showing the Property including, but not limited to, injuries suffered by
105     other licensees or prospective buyers.
106
107 G.  ENVIRONMENTAL CONTAMINANTS ADVISORY/RELEASE. Seller acknowledges that Listing Broker, Selling Broker and all licensees
108     associated with Brokers are NOT experts and have NO special training, knowledge or experience with regard to the evaluation or
109     existence of possible lead-based paint, radon, mold and other biological contaminants ("Environmental Contaminants") which might
110     exist and affect the Property. Environmental Contaminants at harmful levels may cause property damage and serious illness, including
111     but not limited to, allergic and/or respiratory problems, particularly in persons with immune system problems, young children and/or the
112     elderly.
113
114     Seller agrees to consult with appropriate experts and accepts all risks for Environmental Contaminants and releases and
115     holds harmless all Brokers, their companies and licensees from any and all liability, including attorney's fees and costs,
116     arising out of or related to any inspection, inspection result, repair, disclosed defect or deficiency affecting the Property,
117     including Environmental Contaminants. This release shall survive the closing.
118
119 H.  AGENCY DISCLOSURES.
120
121     1.  Office Policy. Seller acknowledges receipt of a copy of the written office policy relating to agency.
122
123     2.  Agency Relationship. I.C. 25-34. 1-10-9.5 provides that a Licensee has an agency relationship with, and is representing, the
124         individual with whom the Licensee is working unless (1) there is a written agreement to the contrary; or (2) the Licensee is merely
125         assisting the individual as a customer without compensation. Licensee(Broker) represents the interests of the Seller as Seller's
126         agent to sell the Property. Licensee owes duties of trust, loyalty, confidentiality, accounting and disclosure to the Seller. However,
127         Licensee must deal honestly with a buyer and disclose to the buyer information about the Property. All representations made by

dotloop signature verification: dtlp.us/tAmF-tUec-bZP

128  Licensee about the Property are made as the agent of the Seller. Seller is advised that the Property may be sold with the
129  assistance of other Licensees working as buyer agents and that Licensee's company policy is to cooperate with and compensate
130  buyer agents. Buyer agents are Licensees who show the Property to prospective buyers, but who represent only the interests of
131  the buyer. Buyer agents owe duties of trust, loyalty, confidentiality, accounting and disclosure to buyers. All representations made
132  by buyer agents about the Property are not made as the agent of the Seller.
133

134  3.  **Limited Agency Authorization.** Licensee or the managing broker may represent Buyer as a buyer agent if such a Buyer wishes
135      to see the Property, Licensee has agency duties to both Seller and Buyer, and those duties may be different or even adverse.
136      Seller knowingly consents to Licensee acting as a limited agent for such showings.
137

138      If limited agency arises, Licensee **shall not disclose** the following without the informed consent, in writing, of both Seller and Buyer:
139      a.  Any material or confidential information, except adverse material facts or risks actually known by Licensee concerning the
140          physical condition of the Property and facts required by statute, rule, or regulation to be disclosed and that could not be
141          discovered by a reasonable and timely inspection of the Property by the parties.
142      b.  That a Buyer will pay more than the offered purchase price for the Property.
143      c.  That Seller will accept less than the listed price for the Property.
144      d.  Other terms that would create a contractual advantage for one party over another party.
145      e.  What motivates a party to buy or sell the Property.
146

147  In a limited agency situation, the parties agree that there will be no imputation of knowledge or information between any party and the limited
148  agent or among Licensees.
149

150  Seller acknowledges that Limited Agency Authorization has been read and understood. Seller understands that Seller does not have to
151  consent to Licensee(s) acting as limited agent(s), but gives informed consent voluntarily to limited agency and waives any claims, damages,
152  losses, expenses, including attorneys' fees and costs, against Licensee(s) arising from Licensee's(s') role of limited agent(s).
153

154  I.  **SELLER AUTHORIZATION AND COOPERATION.** Seller agrees to provide Broker with the required information necessary for entry
155      into a listing service, Internet or other advertising media, to include electronic media and the use of any exterior/interior photos, if
156      applicable. Seller will cooperate with Broker by permitting the Property to be shown at reasonable times and authorizes Broker to place
157      and remove "For Sale" and other signs on the Property.
158

159  1.  Seller authorizes Broker and cooperating brokers, buyer brokers, Broker's personal assistants, contractors, inspectors,
160      appraisers and others reasonably necessary to market the Property to enter the Property. Seller acknowledges that a buyer
161      may enter the Property with contractors, inspectors or appraisers without being accompanied by Broker. Buyer or Buyer's
162      broker may take videos, photos and electronic images of the Property.
163  2.  Seller will provide Broker with key(s) necessary to access the Property.
164  3.  Seller authorizes Broker to have duplicate keys made.
165  4.  Seller agrees not to rent or lease the Property during the term of this Listing Contract without written notification to Broker.
166  5.  Seller agrees that Broker may work with buyer brokers to assist in performing Broker's duties according to the terms of this
167      Listing Contract.
168  6.  Seller grants to Broker an exclusive, non-revocable, copyright license to disseminate, publish, modify and reproduce all of the
169      content of this Listing Contract, including but not limited to, price and terms of financing on a closed sale, photographs,
170      drawings, written descriptions, narratives, and motion pictures obtained or produced by Broker and Broker's agents pursuant
171      to this Listing Contract to members of the Indiana Association of REALTORS®, Inc., to other brokers upon request and to a
172      listing service, Internet or any advertising media. Seller agrees that Broker shall own all rights, title and interest, including but
173      not limited to, any copyright in Property images taken by Broker's photographers or agents.
174  7.  Seller authorizes its utility companies to divulge all utility information to Broker and to provide copies of utility statements, if
175      requested. Seller's utility companies are as follows:
176      _____
177  8.  Seller authorizes its Homeowner's Association (HOA) to divulge all HOA information to Broker and to provide copies of all HOA
178      documents if requested. HOA Management Company: <u>Gemini Management</u>                    . HOA Contact
179      Information: <u>9111 Crawfordsville Rd, Indianapolis IN 46234</u>                    . Seller acknowledges there are
180      homeowner's association fees and/or assessments in the amount of $<u>350</u>          U.S. Dollars per <u>Annually</u>          ,
181      which have been paid by Seller through _____. HOA/Management
182      Company may require payment from Seller prior to issuing verification of good standing and/or transfer of ownership.
183  9.  Seller authorizes its lending institution to divulge all mortgage information to Broker and to provide copies of the note and
184      mortgage, if requested. Seller's lending institution is
185      _____ and the mortgage loan number is _____ . If
186      Seller's mortgage is subject to a pre-payment penalty, Seller agrees to give timely written notice to Seller's lender that the
187      mortgage is to be pre-paid from the sale proceeds of the Property. It is acknowledged that Seller's failure to give this notice may
188      result in a pre-payment penalty to be paid by Seller.
189  10. Seller ☑ does ☐ does not authorize Broker to disclose the existence of written offers to Buyer. If Seller has authorized
190      disclosure of the existence of offers on the Property, Broker shall also disclose, if asked, whether offers were obtained by the
191      listing licensee, another licensee in the listing firm or by a cooperating broker. (NOTE: Disclosure of individual and company
192      names is not necessary.)
193  11. Seller ☑ is ☐ is not offering a limited home warranty.

<u>6445 Harrison Ridge Boulevard, Indianapolis, IN 46236</u>
(Property Address)
**Page 3 of 5 (Listing Contract)**
COPYRIGHT IAR 2020

194   J.   **LOCKBOX/KEY AUTHORIZATION/USE.** To facilitate access to the Property, a lockbox installation ☐ is ☐ is **not** authorized, subject
195        following acknowledgements/conditions:
196
197        1.   Seller will safeguard valuables. Seller accepts responsibility for preparing the Property to minimize the likelihood of injury,
198             damage and/or loss of personal property.
199        2.   Seller acknowledges Broker is not an insurer of Seller's real estate and personal property and waives claims against
200             Broker and Broker's authorized persons for loss and/or damage. Seller further agrees to indemnify and hold harmless Broker
201             and all authorized persons from claims by third parties from all loss and/or damage.
202        3.   Seller instructs Broker to make reasonable efforts to notify Seller of showing requests. If Seller cannot be contacted to
203             schedule a showing, Seller ☒ authorizes ☐ does not authorize Broker to access the Property.
204        4.   Where a tenant/lessee occupies the Property, it is Seller's sole responsibility to obtain tenant/lessee consent to allow the
205             use of a lockbox/key and consent for Broker to access the property.
206
207   K.   **RECORDINGS AT THE PROPERTY.** In the event Seller has a recording system at the Property which captures audio and/or video,
208        Seller understands that recording and transmitting of audio and/or video may result in violation of state and/or federal laws. Seller
209        acknowledges that prospective purchasers may photograph or video the interior of the Property. Seller should remove any items of a
210        personal nature that Seller does not want photographed, recorded or transmitted, such as family photos, paperwork and other
211        personally identifiable information. Seller hereby releases and indemnifies Broker Company and its agents from any liability which may
212        result from any recording or transmitting at the Property.
213
214   L.   **FAIR HOUSING.** The parties acknowledge that the Fair Housing Act prohibits discrimination in housing because of race, color, national
215        origin, religion, sex, familial status, and handicap.
216
217        The National Association of REALTORS® Code of Ethics also prohibits REALTORS® from discriminating on the basis of sexual
218        orientation or gender identity.
219
220   M.   **ADDITIONAL PROVISIONS.**
221
222        1.   Seller understands the terms of this Listing Contract and has received a copy.
223        2.   The parties to this contract agree that it contains the entire agreement of the parties and cannot be changed except by their
224             written consent.
225        3.   The parties to this contract agree that it is binding upon the parties' heirs, administrators, executors, successors and assigns.
226        4.   The parties to this contract agree that this Agreement/contract together with any and all subsequent forms, amendments and
227             addenda may be executed simultaneously or in two or more counterparts, each of which shall be deemed an original, but all of
228             which together shall constitute one and the same instrument. The parties agree that this Agreement/contract together with any
229             and all subsequent forms, amendments and addenda may be transmitted between them electronically or digitally. The parties
230             intend that electronically or digitally transmitted signatures constitute original signatures and are binding on the parties. The
231             original documents shall be promptly delivered, if requested.
232        5.   Broker may refer Seller to other professionals, service providers or product vendors, including lenders, loan brokers, title
233             insurers, escrow companies, inspectors, pest control companies, contractors and home warranty companies. Broker does not
234             guarantee the performance of any service provider. Seller is free to select providers other than those referred or
235             recommended to Seller by Broker.
236        6.   Broker is not and shall not be charged with the responsibility for the custody, management, care, maintenance, protection or
237             repair of the Property nor for the protection or custody of any personal property located thereon, unless provided for in another
238             written agreement.
239        7.   Seller consents to receive communications from Broker via telephone, U.S. mail, email, text message and facsimile at the
240             numbers/addresses provided to Broker unless Seller notifies Broker in writing to the contrary.
241        8.   Where the word "Broker" appears, it shall mean "Licensee" as provided in I.C.25-34.1-10-6.8.
242        9.   Seller discloses to Listing Broker that Seller is licensed and holds License # _____.
243
244   N.   **WIRE FRAUD.** If you receive any electronic communication directing you to transfer funds or provide nonpublic personal
245        **information, EVEN IF THAT ELECTRONIC COMMUNICATION APPEARS TO BE FROM BROKER OR TITLE COMPANY,**
246        do not respond until you verify the authenticity by direct communication with Broker or Title Company. Do not rely on
247        telephone numbers provided in the electronic communication. Such requests may be part of a scheme to steal funds
248        or use your identity to commit a crime.

dotloop signature verification: dtlp.us/iAmf iUec txZP

249  **O.  FURTHER CONDITIONS.**
250  Listing agent will withdraw the listing with written notice from the seller.
251
252
253
254
255
256
257  James Gilday                              RB14048800        *Johnny Lorick*          dotloop verified
                                                                                         09/03/20 7:30 PM EDT
                                                                                         K63O-VJMT4-3USI-D3P5
258  AGENT                                     IN LICENSE #      SELLER'S SIGNATURE       DATE
259
260  Keller Williams Indianapolis/Carmel       103001179        Johnny Lorick
261  BROKER OR COMPANY NAME                    IN LICENSE #      PRINTED
262
263
264  ACCEPTED BY: MANAGING BROKER              DATE             SELLER'S SIGNATURE       DATE
265
266
267                                                              PRINTED



Prepared and provided as member service by the Indiana Association of REALTORS®, Inc. (IAR) This form is restricted to use by members of IAR. This is a legally binding contract, if not understood seek legal advice.
Form #01. Copyright IAR 2020



dotloop signature verification: dtlp.us/2EvD-6DSD-pftr7K



# SELLER/LESSOR VIRTUAL OFFICE WEBSITE
# (VOW) ADVERTISING OPTION-OUT

**Property Address** 6445 HARRISON RIDGE Boulevard, Indianapolis, IN 46236

1. ☑_____ I/We have advised Keller Williams Realty that I/We
   **WANT** the listed property to be displayed on the
   Internet.

2. _____ I/We have advised Keller Williams Realty that I/We
   **DO NOT WANT** the address of the listed property
   To be displayed on the internet.

I/We understand and acknowledge that if I/we have selected item #2
above, consumers who conduct searches for listings on the internet will
not see information about the listed property in response to their search.

*Johnny Lorick*

dotloop verified
09/03/20 7:30 PM
EDT
DLQE-0TDT-JY8F-J34Y

SELLER/LESSOR SIGNATURE    DATE           SELLER/LESSOR SIGNATURE  DATE

Johnny Lorick
_____                    _____
         PRINTED                                    PRINTED

dotloop signature verification: dtlp.us/j93l-Qt9X-jzP3



**SELLER'S RESIDENTIAL REAL ESTATE SALES DISCLOSURE**
State Form 46234 (R6/6-14)

KW INDIANAPOLIS METRO NORTH KELLERWILLIAMS.

Date *(month, day, year)* 08/28/2020

Note: This form has been modified from the version currently found at 876 IAC 9-1-2 to include questions regarding disclosure of contamination related to controlled substances or methamphetamine as required by

P.L. 180-2014. Rule revisions will be made to 876 IAC 9-1-2 to include these changes in the near future, however the Commission has made this information available now through this updated form.

Seller states that the information contained in this Disclosure is correct to the best of Seller's CURRENT ACTUAL KNOWLEDGE as of the above date. The prospective buyer and the owner may wish to obtain professional advice or inspections of the property and provide for appropriate provisions in a contract between them concerning any advice, inspections, defects, or warranties obtained on the property. The representations in this form are the representations of the owner and are not the representations of the agent, if any. This information is for disclosure only and is not intended to be a part of any contract between the buyer and the owner. Indiana law (IC 32-21-5) generally requires sellers of 1-4 unit residential property to complete this form regarding the known physical condition of the property. An owner must complete and sign the disclosure form and submit the form to a prospective buyer before an offer is accepted for the sale of the real estate.

Property address *(number and street, city, state, and ZIP code)* 6445 Harrison Ridge Boulevard, Indianapolis, IN 46236

1. The following are in the conditions indicated:

| A. APPLIANCES | None/Not Included/ Rented | Defective | Not Defective | Do Not Know |
|---|---|---|---|---|
| Built-in Vacuum System | ☑ | ☐ | ☐ | ☐ |
| Clothes Dryer | ☐ | ☑ | ☐ | ☐ |
| Clothes Washer | ☐ | ☐ | ☑ | ☐ |
| Dishwasher | ☐ | ☐ | ☑ | ☐ |
| Disposal | ☐ | ☐ | ☑ | ☐ |
| Freezer | ☐ | ☐ | ☐ | ☐ |
| Gas Grill | ☐ | ☐ | ☐ | ☐ |
| Hood | ☑ | ☐ | ☐ | ☐ |
| Microwave Oven | ☐ | ☐ | ☑ | ☐ |
| Oven | ☐ | ☐ | ☑ | ☐ |
| Range | ☐ | ☐ | ☐ | ☐ |
| Refrigerator | ☐ | ☐ | ☑ | ☐ |
| Room Air Conditioner(s) | ☑ | ☐ | ☐ | ☐ |
| Trash Compactor | ☑ | ☐ | ☐ | ☐ |
| TV Antenna/Dish | ☐ | ☐ | ☐ | ☑ |
| Other: gas stovetop and vent | ☐ | ☐ | ☑ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ |

| B. Electrical System | None/Not Included/ Rented | Defective | Not Defective | Do Not Know |
|---|---|---|---|---|
| Air Purifier | ☑ | ☐ | ☐ | ☐ |
| Burglar Alarm | ☑ | ☐ | ☐ | ☐ |
| Ceiling Fan(s) | ☐ | ☐ | ☑ | ☐ |
| Garage Door Opener / Controls | ☐ | ☐ | ☑ | ☐ |
| Inside Telephone Wiring and Blocks/Jacks | ☐ | ☐ | ☑ | ☐ |
| Intercom | ☐ | ☑ | ☐ | ☐ |
| Light Fixtures | ☐ | ☐ | ☑ | ☐ |
| Sauna | ☑ | ☐ | ☐ | ☐ |
| Smoke/Fire Alarm(s) | ☐ | ☐ | ☑ | ☐ |
| Switches and Outlets | ☐ | ☐ | ☑ | ☐ |
| Vent Fan(s) | ☐ | ☐ | ☑ | ☐ |
| 60/100/200 Amp Service (Circle one) | ☐ | ☐ | ☑ | ☐ |
| Generator | ☑ | ☐ | ☐ | ☐ |

**NOTE:** Means a condition that would have a "significant" "Defect" adverse effect on the value of the property, that would significantly impair the health or safety of future occupants of the property, or that if not repaired, removed or replaced would significantly shorten or adversely affect the expected normal life of the premises.

| C. WATER & SEWER SYSTEM | None/Not Included Rented | Defective | Not Defective | Do Not Know |
|---|---|---|---|---|
| Cistern | ☑ | ☐ | ☐ | ☐ |
| Septic Field/Bed | ☑ | ☐ | ☐ | ☐ |
| Hot Tub | ☑ | ☐ | ☐ | ☐ |
| Plumbing | ☐ | ☐ | ☑ | ☐ |
| Aerator System | ☑ | ☐ | ☐ | ☐ |
| Sump Pump | ☑ | ☐ | ☐ | ☐ |
| Irrigation Systems | ☑ | ☐ | ☐ | ☐ |
| Water Heater/Electric | ☐ | ☐ | ☐ | ☐ |
| Water Heater/Gas | ☐ | ☐ | ☑ | ☐ |
| Water Heater/Solar | ☑ | ☐ | ☐ | ☐ |
| Water Purifier | ☑ | ☐ | ☐ | ☐ |
| Water Softener | ☐ | ☐ | ☑ | ☐ |
| Well | ☑ | ☐ | ☐ | ☐ |
| Septic and Holding Tank/Septic Mound | ☑ | ☐ | ☐ | ☐ |
| Geothermal and Heat Pump | ☑ | ☐ | ☐ | ☐ |
| Other Sewer System (*Explain*) | ☑ | ☐ | ☐ | ☐ |
| Swimming Pool & Pool Equipment | ☑ | ☐ | ☐ | ☐ |

| | Yes | No | Do Not Know |
|---|---|---|---|
| Are the structures connected to a public water system? | ☑ | ☐ | ☐ |
| Are the structures connected to a public sewer system? | ☑ | ☐ | ☐ |
| Are there any additions that may require improvements to the sewage disposal system? | ☐ | ☑ | ☐ |
| If yes, have the improvements been completed on the sewage disposal system? | ☐ | ☐ | ☐ |
| Are the improvements connected to a private/community water system? | ☐ | ☐ | ☐ |
| Are the improvements connected to a private/community sewer system? | ☐ | ☐ | ☐ |

| D. HEATING & COOLING SYSTEM | None/Not Included Rented | Defective | Not Defective | Do Not Know |
|---|---|---|---|---|
| Attic Fan | ☑ | ☐ | ☐ | ☐ |
| Central Air Conditioning | ☐ | ☐ | ☑ | ☐ |
| Hot Water Heat | ☐ | ☐ | ☑ | ☐ |
| Furnace Heat/Gas | ☐ | ☐ | ☑ | ☐ |
| Furnace Heat/Electric | ☑ | ☐ | ☐ | ☐ |
| Solar House-Heating | ☑ | ☐ | ☐ | ☐ |
| Woodburning Stove | ☑ | ☐ | ☐ | ☐ |
| Fireplace | ☐ | ☐ | ☑ | ☐ |
| Fireplace Insert | ☐ | ☐ | ☑ | ☐ |
| Air Cleaner | ☑ | ☐ | ☐ | ☐ |
| Humidifier | ☑ | ☐ | ☐ | ☐ |
| Propane Tank | ☑ | ☐ | ☐ | ☐ |
| Other Heating Source | ☑ | ☐ | ☐ | ☐ |

The information contained in this Disclosure has been furnished by the Seller, who certifies to the truth thereof, based on the Seller's CURRENT ACTUAL KNOWLEDGE. A disclosure form is not a warranty by the owner or the owner's agent, if any, and the disclosure form may not be used as a substitute for any inspections or warranties that the prospective buyer or owner may later obtain. At or before settlement, the owner is required to disclose any material change in the physical condition of the property or certify to the purchaser at settlement that the condition of the property is substantially the same as it was when the disclosure form was provided. Seller and Purchaser hereby acknowledge receipt of this Disclosure by signing below.

| Signature of Seller *Johnny Lovich* | dotloop verified 09/03/20 7:30 PM EDT JWGI-D4VN-29SX-0QAO | Signature of Buyer |
|---|---|---|
| Signature of Seller | | Signature of Buyer |

The Seller hereby certifies that the condition of the property is substantially the same as it was when the Seller's Disclosure form was originally provided to the Buyer.

| Signature of Seller (at closing) | | Signature of Seller (at closing) |
|---|---|---|

1 of 2

Phone:                    Fax:

dotloop signature verification: dtlp.us/93-Q89X_zP3

Property address *(number and street, city, state, and ZIP code)*
6445 Harrison Ridge Boulevard, Indianapolis, IN 46236

| 2. ROOF | YES | NO | DO NOT KNOW |
|---|---|---|---|
| Age, if known 19 Years. | ☐ | ☐ | ☐ |
| Does the roof leak? | ☐ | ☒ | ☐ |
| Is there present damage to the roof? | ☐ | ☒ | ☐ |
| Is there more than one layer of shingles on the house? | ☐ | ☒ | ☐ |
| If yes, how many layers? _____ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ |

| 3. HAZARDOUS CONDITIONS | YES | NO | DO NOT KNOW |
|---|---|---|---|
| Have there been or are there any hazardous conditions on the property, such as methane gas, lead paint, radon gas in house or well, radioactive material, landfill, mineshaft, expansive soil, toxic materials, mold, other biological contaminants, asbestos insulation, or PCB's? | ☐ | ☒ | ☐ |
| Is there any contamination caused by the manufacture or a controlled substance on the property that has not been certified as decontaminated by an inspector approved under IC 13-14-1-15? | ☐ | ☒ | ☐ |
| Has there been manufacture of methamphetamine or dumping of waste from the manufacture of methamphetamine in a residential structure on the property? | ☐ | ☒ | ☐ |
| Explain: | | | |

E. ADDITIONAL COMMENTS AND/OR EXPLANATIONS:
*(Use additional pages, if necessary)*

| 4. OTHER DISCLOSURES | YES | NO | DO NOT KNOW |
|---|---|---|---|
| Do structures have aluminum wiring? | ☐ | ☒ | ☐ |
| Are there any foundation problems with the structures? | ☐ | ☒ | ☐ |
| Are there any encroachments? | ☐ | ☒ | ☐ |
| Are there any violations of zoning, building codes, or restrictive covenants? | ☐ | ☒ | ☐ |
| Is the present use of non-conforming use? Explain: | ☐ | ☐ | ☐ |
| Is the access to your property via a private road? | ☐ | ☒ | ☐ |
| Is the access to your property via a public road? | ☒ | ☐ | ☐ |
| Is the access to your property via an easement? | ☐ | ☒ | ☐ |
| Have you received any notices by any governmental or quasi-governmental agencies affecting this property? | ☐ | ☒ | ☐ |
| Are there any structural problems with the building? | ☐ | ☒ | ☐ |
| Have any substantial additions or alterations been made without a required building permit? | ☐ | ☒ | ☐ |
| Are there moisture and/or water problems in the basement, crawl space area, or any other area? | ☐ | ☒ | ☐ |
| Is there any damage due to wind, flood, termites, or rodents? | ☐ | ☒ | ☐ |
| Have any structures been treated for wood destroying insects? | ☐ | ☒ | ☐ |
| Are the furnace/woodstove/chimney/flue all in working order? | ☒ | ☐ | ☐ |
| Is the property in a flood plain? | ☐ | ☒ | ☐ |
| Do you currently pay for flood insurance? | ☐ | ☐ | ☒ |
| Does the property contain underground storage tank(s)? | ☐ | ☒ | ☐ |
| Is the homeowner a licensed real estate salesperson or broker? | ☐ | ☒ | ☐ |
| Is there any threatened or existing litigation regarding the property? | ☐ | ☒ | ☐ |
| Is the property subject to covenants, conditions and/or restrictions of a homeowner's association? | ☒ | ☐ | ☐ |
| Is the property located within one (1) mile of an airport? | ☐ | ☒ | ☐ |

The information contained in this Disclosure has been furnished by the Seller, who certifies to the truth thereof, based on the Seller's CURRENT ACTUAL KNOWLEDGE. A disclosure form is not a warranty by the owner or the owner's agent, if any, and the disclosure form may not be used as a substitute for any inspections or warranties that the prospective buyer or owner may later obtain. At or before settlement, the owner is required to disclose any material change in the physical condition of the property or certify to the purchaser at settlement that the condition of the property is substantially the same as it was when the disclosure form was provided. Seller and Purchaser hereby acknowledge receipt of this Disclosure by signing below.

| Signature of Seller *Johany Lovick* | dotloop verified 09/03/20 7:30 PM EDT XOI8-YL71-SJRE-QFYE | Signature of Buyer |
|---|---|---|
| Signature of Seller | | Signature of Buyer |

The Seller hereby certifies that the condition of the property is substantially the same as it was when the Seller's Disclosure form was originally provided to the Buyer.

| Signature of Seller (at closing) | Signature of Seller (at closing) |
|---|---|



FORM #03.



EQUAL HOUSING OPPORTUNITY

dotloop signature verification: dtlp.us/tTAb-6-bA-LPPN





## SELLER'S ESTIMATED NET PROCEEDS

### For use only by members of the Indiana Association of REALTORS®

| Line | | |
|---|---|---|
| 1 | Property Address 6445 Harrison Ridge Boulevard, Indianapolis, IN 46236 | |
| 2 | Place of Closing | |
| 3 | Closing Agent | Closing Date |
| 4 | Seller Johnny Lorick | Buyer |

| Line | | | |
|---|---|---|---|
| 5 | Sales Price | $ 424,900 | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | Gross Amount Due Seller | | $ 449900 |

| 10 | **EXPENSE OF SELLER** | |
|---|---|---|
| 11 | Title Insurance | $ 1,500 |
| 12 | Pay-Off of First Mortgage | $ |
| 13 | Taxes ($1,904 ) | $ 3,872 |
| 14 | Broker's Commission | |
| 15 | BAC: 3% | $ 13,497 |
| 16 | LAC: 4% | $ 17,996 |
| 17 | Home Warranty | $ 585 |
| 18 | Misc. Cost | $ 500 |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

| 26 | Total Expenses | $ 37,950 | |
|---|---|---|---|
| 27 | **Net Amount Due Seller** | | |
| 28 | | | $ 411,950 |

29 **APPROVED:**

| | | |
|---|---|---|
| 30 | James Gilday                 RB14048800 | *Johnny Lorick*     dotloop verified 09/03/20 7:30 PM EDT D3RG-ZCBV-XYM8-CGR |
| 31 | AGENT                        IN LICENSE # | SELLER'S SIGNATURE |
| 32 | Keller Williams Indianapolis/Carmel   103001179 | Johnny Lorick |
| 33 | BROKER OR COMPANY NAME       IN LICENSE # | PRINTED |
| 34 | | |
| 35 | | SELLER'S SIGNATURE |
| 36 | | |
| 37 | | PRINTED |



Prepared and provided as a member service by the Indiana Association of REALTORS®, Inc. (IAR). This form
is restricted to use by members of IAR. This is a legally binding contract, if not understood seek legal advice.
**Form #30.** Copyright IAR 2020



Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:                                    )
Johnny Darrell Lorick,                    )        CASE #: 19-00252-JJG-13
         Debtor.                          )

## AFFIDAVIT OF JAMES GILDAY – KELLER WILLIAMS – INDIANAPOLIS/CARMEL

**COMES NOW** James Gilday – Keller Williams – Indianapolis/Carmel, and being first duly sworn upon broker's oath, deposes and says:

1.      I am affiliated with Keller Williams – Indianapolis/Carmel, 11550 N Meridian Street, Suite 450, Carmel, IN 46032;

2.      Debtor Johnny Darrell Lorick wishes for me to assist in selling the real estate commonly referred to as 6445 Harrison Ridge Boulevard, Indianapolis, IN 46236; and

3.      I have no connection with the Debtor, or any other party in interest, and no interest adverse to the Trustee or to the bankruptcy estate in the matters upon which I and/or Keller Williams – Indianapolis/Carmel is to be engaged in the above-captioned matter, and I have no arrangement for the sharing of any fees in the above-captioned matter, except for those that are disclosed in the Listing Contract (Exclusive Right to Sell) signed on October 29, 2020 with a contract commencement date of October 30, 2020 (attached hereto as Exhibit "A"), which has been previously executed by Johnny Darrell Lorick and I.  The proposed commission rate of myself and/or Keller Williams – Indianapolis/Carmel is 7.0% of the selling price which is referenced in said Listing Contract, of which 2.5% may be paid to any other cooperating broker who procures a buyer for said real estate, pursuant to a Broker's Cooperative Compensation Policy

previously disclosed to Johnny Darrell Lorick. Typically, a total commission rate is 7.0% of the selling price.

**FURTHER, AFFIANT SAYETH NOT.**

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge on this _____ **2** _____ of November, 2020.

*Jim Gilday*

dotloop verified
11/02/20 12:23 PM
EST
5OKC-P2EJ-CQSR-0C7S

James Gilday - Keller Williams –
Indianapolis/Carmel
11550 N Meridian Street, Suite 450
Carmel, IN 46032
jim@thegildaygroup.com

EXHIBIT C

Colonial Savings
PO Box 2988
Fort Worth, TX 76113-2988

(p)INDIANA DEPARTMENT OF REVENUE
ATTN BANKRUPTCY
100 N SENATE AVE
INDIANAPOLIS IN 46204-2253

Indiana Nephrology & Internal Medicine
9011 N Meridian Street
Suite 225
Indianapolis, IN 46260-5365

Internal Revenue Service
Attn: Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Navient Solutions, LLC on behalf of
Ascendium Education Solutions, Inc.
PO BOX 8961
Madison, WI 53708-8961

ODR Bkcy
955 Center St NE
Salem, OR 97301-2555

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

St. Vincent Hospital
by American InfoSource as agent
PO Box 248838
Oklahoma City, OK 73124-8838